# EXHIBIT L



## AGREEMENT FOR STRATUS VIDEO INTERPRETING SERVICES

This Agreement for Stratus Video Interpreting Services (the "Agreement") is dated as of the 18th. day of April, 2016 and is between Stratus Video, LLC ("Stratus") and <u>Covenant Health Systems</u> ("Customer").

### RECITALS:

A. Stratus is in the business of providing on-demand video remote interpreting (VRI) for American Sign Language (ASL) and selected spoken languages, as well as over-the-phone interpreting (OPI) for selected languages with live language interpreters. The VRI services and OPI services (collectively, the "Services") are provided by Stratus through the use of Stratus' on-demand interpreter software.

B. Customer desires to use the Services, on the terms and conditions provided in this Agreement.

NOW, THEREFORE, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. **AGREEMENT TO PROVIDE SERVICES.** Stratus agrees to provide to Customer the Services on the terms and conditions as set forth in this Agreement. Customer acknowledges that the languages provided by Stratus through VRI and OPI are set forth in Exhibit "A".

2. **TERMS AND TERMINATION.** The term of this Agreement (the "Term") is for two (2) years, with automatic one (1) year renewals unless either party elects to terminate the Agreement by providing written notice of such termination to the other party no later than thirty (30) days prior to the expiration of the Term (or renewal period). Upon termination of the Agreement, Customer will immediately stop using the Services and will remove the Stratus software from all devices of Customer. Additionally, Customer hereby authorizes Status to disable all accounts, Stratus software and access to the Services. In such event, Stratus will not be liable to Customer for damages of any kind (whether actual, incidental, indirect or consequential, including lost profits and lost revenues) arising out of or related to the loss of use of the Services or the Stratus software.

3. **PAYMENT.** Stratus shall provide the Services to Customer in consideration of Customer's payment of the fees (the "Fees") at the rates set forth in The Pricing Section of this Agreement. Fees for the Services will be billed monthly. All invoices will be due and payable within thirty (30) days of invoice date.

4. **AVAILABILITY.** Customer acknowledges that the Services may not be available at all times due to interruptions, technical problems, and/or system upgrades and maintenance. The Services are not for and should not be used for emergency calls and is not a substitute for "911" or other emergency services. All interpreters provided in conjunction with The Services may not be available at all times and interpreters will be assigned solely by Stratus.

5. **NO OWNERSHIP RIGHTS.** This Agreement and Customer's use of the Services does not provide Customer with any right, title, or ownership interest in or to the Services, the software used in providing the Services, or any of the other technology, systems, processes or other aspect of the Services, including but not limited to any intellectual property rights. This provision will survive the termination of this Agreement. Customer acknowledges that Stratus is a trademark of Stratus and may not be used without Stratus' prior consent. During the term of the agreement the Customer is provided with a Right to Use License for the Stratus Software. The Customer agrees that Stratus software will be the only Video Remote Interpreting software installed on the equipment and no other video remote interpreting applications will be installed or other video or audio interpreting usages shall be permitted unless direct written consent is given by Stratus during the term of service. Use of the Stratus software by the Customer is deemed acceptance of the software License Agreement and restrictions enumerated in this paragraph.

6. **LIMITED WARRANTY.** Stratus warrants that it will perform the Services in a professional manner consistent with industry standards. Stratus makes no other representation, warranty or guarantee, express or implied, of any kind, and Stratus specifically disclaims any warranty or condition of merchantability or fitness for a particular purpose.

Case 3:19-cv-00041-DCLC-HBG Document 35-13 Filed 02/28/20 Page 2 of 4 PageID #: 822    EXHIBIT E



7. **LIMITATION OF LIABILITY.** Customer acknowledges that interpretations may not be entirely accurate in all cases and that events outside of the control of Stratus may result in incomplete or interrupted service. Except as specifically stated otherwise, each party's aggregate liability to the other for claims arising out of this Agreement, whether for breach or in tort and including but not limited to negligence, shall be limited to the amount paid by Customer to Stratus within the previous 12 months. Further, neither party will be liable for any indirect, punitive, special, incidental or consequential damage in connection with or arising out of this Agreement (including loss of business, revenue, profits, use, data or other economic advantage), however it arises, whether for breach or in tort, even if that party has been previously advised of the possibility of such damage. Liability for damages shall be limited and excluded, even if any exclusive remedy provided for in this Agreement fails of its essential purpose.

8. **INDEMNIFICATION AND HOLD HARMLESS.** Customer acknowledges that it, and not Stratus, is a professional health care provider. Customer hereby indemnifies and holds Stratus harmless from any claims, including claims of third-parties, based on medical malpractice or negligence of Customer (or its physicians, employees, independent contractors, etc.).

9. **CONFIDENTIALITY.** Stratus will not disclose any confidential information provided by Customer to any third-party, and will use such confidential information only for purposes specifically contemplated in this Agreement. Further, Stratus and Customer will not disclose to any third-party the terms and conditions of this Agreement or any of the information provided in any invoices or other documents or oral communications between the parties. If a party is required by discovery request in a litigation, subpoena, civil investigative demand or similar process to disclose any such confidential information then the party so compelled may disclose such information without liability after giving reasonable notice to the other party to promptly assert whatever objections the other party has to prevent such disclosure within such deadlines as are required by the governing statutes, rules or regulations.

10. **PUBLICITY.** Customer agrees that Stratus may use Customer's name and/or corporate logo on Stratus Video's website and marketing materials.

11. **INSURANCE REQUIREMENTS.** Stratus and Customer will maintain during the term of this Agreement (a) Workers Compensation insurance as prescribed by the law of the state in which The Services are performed; (b) Employer's Liability Insurance with limits of at least $500,000 for each occurrence; (c) Commercial General Liability ("CGL") Insurance, including Blanket Contractual Liability and Broad Form Property Damage, with limits of at least $1,000,000 combined single limit for bodily injury and property damage for each occurrence; (e) Professional Liability or Errors and Omissions Insurance in the amount of at least $1,000,000 for each occurrence. On either Party's written request, the other Party will furnish certificates evidencing the foregoing insurance. Each Party will notify the other in writing at least thirty (30) days prior to any cancellation or termination of its policy.

12. **TAX EXEMPTION REQUIREMENTS.** If Customer is sales tax exempt, Customer must check box found in 13(l). In addition, Customer must include tax exempt certificate in order to show proof of exemption with the Stratus Sales Order Form after Agreement is executed.

13. **EQUIPMENT WARRANTY:** The warranty provided to Customer by Stratus with respect to the Equipment is set forth in Attachment B attached hereto and incorporated herein. The warranty period shall commence upon Acceptance of the Equipment.

14. **ADDITIONAL TERMS.** (a) Any express waiver or failure to exercise promptly any right under this Agreement will not create a continuing waiver or any expectation of non-enforcement. (b) The obligations of the parties under this Agreement which by their nature should continue beyond the termination or expiration of this Agreement will remain in effect after termination or expiration. (c) Any action arising out of this Agreement, as well as the validity, construction and interpretation of this Agreement, will be governed by Florida law relating to contracts made in the State of Florida and controlling U.S. federal law. No choice of law rules of any jurisdiction will apply. (d) This Agreement shall be binding upon the parties hereto, their successors, or assigns, and upon any and all others acting by or through them, or in privity with them, or under their direction. (e) This Agreement is deemed to have



AGREEMENT FOR SERVICES

been drafted jointly by the parties. Any uncertainty or ambiguity shall not be construed against either party based on the attribution of drafting by either party. (f) This Agreement may be executed in counterparts and as so executed shall constitute one agreement, binding on all parties. The Headings have no substantive effect and are used merely for convenience. (g) A party is not liable under this Agreement for non-performance or delayed or interrupted performance caused by events or conditions beyond that party's control if the party makes reasonable efforts to perform. This provision does not relieve Customer of its obligation to make all payments then owing when due. (h) All notices to be given under this Agreement must be in writing. (I) This Agreement and all of its Attachments is the parties' entire agreement relating to its subject matter. It supersedes all prior or contemporaneous oral or written communications, proposals, conditions, representations and warranties and prevails over any conflicting or additional terms of any quote, order, acknowledgment, or other communication between the parties relating to its subject matter during the term of this Agreement. (j) No modification to this Agreement will be binding unless in writing and signed by an authorized representative of each party. (k) If any provision, or part thereof, in this Agreement is held to be invalid, void or illegal, it shall be severed from this Agreement and shall not affect, impair, or invalidate any other provision, or part thereof, and shall be severed from this Agreement and shall not affect, impair, or invalidate any other provision, or part thereof; and it shall be replaced by a provision which comes closest to the severed provision, or part thereof, in language and intent, without being invalid, void, or illegal.

(l) Sales Tax Exempt:  Yes ☐  No ☐  ( If Yes, the Tax Exempt Certificate must be included with the order)

IN WITNESS WHEREOF, Stratus and Customer hereby execute this Agreement through the signatures of their authorized representatives below.

Stratus Video, LLC                    Customer Name: _Covenant Health_

Accepted by: _Maureen Huber_          Accepted by: _Mike Ward_

Name: Maureen Huber                   Name: _Mike Ward_

Title: CFO                            Title: _SVP/CIO_

Date: 8/19/16                         Date: _8/8/16_