# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SCOTT ALLEN TOMEI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Docket No.: 3:19-CV-41 |
| ) | 12-PERSON JURY DEMANDED |
| PARKWEST MEDICAL CENTER and ) | |
| COVENANT HEALTH, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S STATEMENT OF DISPUTED, MATERIAL FACTS IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Scott Tomei, by and through his undersigned counsel, files this statement of disputed, material facts in support of their opposition to Defendants motion for Summary Judgment pursuant to FED. R. CIV. P. 56 and Your Honor's Judicial Preferences No. 6.

1. Plaintiff is a Deaf individual whose primary means of communication is American Sign Language (ASL) (Ex. A, Affidavit of Scott Tomei ¶¶2,3)

2. Defendants were aware of Plaintiff's disability and requests for both VRI and in-person interpreters (Ex. B, Defendants' Communication Assessment and Right to Interpreter for Hearing Impaired form; Rozynski Declaration Ex. J Wilson Dep. 23-24:23-10).

3. Plaintiff also separately made Defendants staff aware that he was requesting an in-person interpreter. (Rozynski Declaration Ex. C, Scott Tomei Dep. 62-63:13-5; 88-89:24-4; 106:13-20; 114-115:19-6; 116:5-17)

4. Plaintiff's daughter who was present for a majority of the time at the hospital also made repeated requests for interpreters. (Rozynski Declaration Ex. D, Tala Tomei Dep Vol I 14:8-13; 14:14-15:6; 16:19-2417:2-9; 18:6-20:6; Ex. E, Tala Tomei Dep. Vol II 21: 9-13; 21:22-22:8; 23:22-24:19; 32:18-23; 33:2-34:8; 34: 24-35:4).

5. Plaintiff's ex-wife who was also present for a majority of Defendants stay made multiple requests for interpreters (Rozynski Declaration Ex. F, Leigha Tomei Dep. 24:25-26:3; 39:18-22; 39:23-40:18; 40:19-25)

6. An in-person interpreter was never provided to Plaintiff during his stay. (Rozynski Declaration Ex. C, Scott Tomei Dep. 63:16-24)

7. The VRI machine was provided but it never functioned properly and thus did not provide effective communication to Plaintiff during his stay at Defendants facility (Rozynski Declaration Ex. D, Tala Tomei Dep. Vol I 14:8-13; 14:14-15:6; 16:19-24; 17:2-9; 18:6-20:6; Ex. E, Tala Tomei Dep. Vol II 16:10-25; 21:22-22:8; 23:22-24:19; 32:18-23; 33:2-34:8; 34: 24-35:4; Ex. F, Leigha Tomei 24:25-26:3; 25:11-27; 28:24-30:1; 30:2-9; 32:20-32:4; 33:15-36:9; 39:18-22; 39:23-40:18; 40:19-25; 42:5-43:3; 43:21-44:7; 46:14-22; Ex. C, Scott Tomei Dep. 55:17-22; 64:15-19; 106: 5-12; 106:13-25; 114:19-22; 125:1-9.)

8. To obtain either the VRI machine or an in-person interpreter, Defendants staff must go through the exact same process, yet a VRI was requested and provided, but an in-person interpreter was requested but never provided. *(*Rozynski Declaration Ex. G Monday Dep. 25:1-13-1; Ex. C, Scott Tomei Dep. 63:16-24)

9. Plaintiff's daughter, Tala Tomei, was not a qualified interpreter under the circumstances. (Rozynski Declaration Ex. D, Tala Tomei Dep. Vol I. 20-21:22-11 Ex. E. Tala Tomei Dep. Vol II 16:10-25.)

10. Plaintiff's ex-wife, Leigha Tomei, was not a qualified interpreter under the circumstances (Rozynski Declaration Ex. F. Leigha Tomei Dep. 35-38:13-10 46:14-22).

11. Defendants staff were aware of the risks of using family members as interpreters, yet relied on them anyway. (Rozynski Declaration Ex. I, Bagneski Dep. 23-24:14-2; Ex. J Marie Wilson Dep. 13:8-15)

12. It is not an undue burden for Defendants to provide Plaintiff with an in-person interpreter. In fact, Defendants could have provided Plaintiff with a live 24 hour interpreter during his stay but instead relied on family members. (Rozynski Declaration Ex. G, Monday Dep. 29:2-21)

13. Prior to the facts at hand, Plaintiff preferred to visit Defendants facility over the other hospitals he now visits. (Rozynski Declaration Ex. C, Scott Tomei Dep. 54:1-8; Affidavit of Scott Tomei ¶¶ 6, 7, 9, 10, 11, 12, 13).

14. Defendants have a policy that it is acceptable to use family members as interpreters. (Rozynski Declaration Ex. G, Monday Dep. 26:5-10).

15. Defendants do not require that staff affirmatively assess Deaf and Hard of Hearing Individuals when they enter the hospital. (Rozynski Declaration Ex. G, Monday Dep. 20:21-21:5, 22:8).

16. Defendants staff is not trained on how to communicate effectively with Deaf or Hard of Hearing Patients. (Rozynski Declaration Ex. H, Whidby Dep. 13:12-15, 15:7-21; Ex. I, Bagneski Dep. 25:25-26:4).

17. Defendant Covenant Health exercises sufficient control over Defendant Parkwest Medical Center that creates an owner/operator relationship between the two parties. (Rozynski Declaration Ex. H, Whidby Dep. 34:24-35:2; Ex. G, 10:10-18, 41:8-17, . 45:8-20, 50:13-20, 66:23-67:15).

              Respectfully submitted,

              EISENBERG & BAUM, LLP

              By:_____
              Andrew Rozynski, Esq.
              24 Union Square East, Fourth Floor
              New York, NY 10003
              (212) 353-8700
              ARozynski@eandblaw.com
              *Attorneys for Plaintiff*