UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| SCOTT ALLEN TOMEI, ) | |
| ) | |
| Plaintiff, ) | 3:19-CV-00041-DCLC-HBG |
| ) | |
| vs. ) | |
| ) | |
| PARKWEST MEDICAL CENTER and ) | |
| COVENANT HEALTH, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court to address Defendants' Motion for Certification for Interlocutory Appeal and Stay [Doc. 42] pursuant to 28 U.S.C. § 1292(b). Plaintiff has responded in opposition [Doc. 43]. This matter is now ripe for resolution.

Plaintiff filed a Complaint in this Court on January 25, 2019 [Doc. 1], asserting that Defendants discriminated against him on the basis of his disability in violation of Section 1557 of the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18116(a) [*Id*. at p. 12]. On January 31, 2020, Defendants filed a Motion to Dismiss [Doc. 29] asserting that the applicable statute of limitations barred Plaintiff's claim. Specifically, Defendants asserted that the one-year statute of limitations applied because Plaintiff's Section 1557 claim was made possible by Section 504 of the Rehabilitation Act, which borrows the state personal injury limitations period [*Id*.]. In response, Plaintiff took the position that the federal four-year statute of limitations under 28 U.S.C. § 1658 applied to his Section 1557 claim because such claim is made possible by the ACA, which is a post-1990 enactment [Doc. 34]. On June 10, 2020, this Court denied Defendants' motion and held that the four-year federal statute of limitations under 28 U.S.C. § 1658 applied to Section 1557 claims and, thus, Plaintiff's claim was not time-barred [Doc. 41]. On July 13, 2020,

1

Defendants filed the motion that is currently before the Court requesting the Court to certify its June 10, 2020 Memorandum Opinion and Order [Doc. 41] for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Furthermore, Defendants request a stay of the proceedings until the Sixth Circuit Court of Appeals resolves Defendants' interlocutory appeal.

Under 28 U.S.C. § 1292(b), district courts have discretion to allow an interlocutory appeal to be taken from an order that is otherwise not appealable if: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion regarding the controlling question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The parties agree that the Court's order involves a controlling question of law and that an immediate appeal may materially advance the ultimate termination of the litigation. Thus, the dispute centers around whether there is substantial ground for difference of opinion regarding the controlling question of law. The Sixth Circuit has held that a substantial ground for difference of opinion exists in the following circumstances:

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08–10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008)). A substantial ground for difference of opinion may also exist "where reasonable jurists might disagree" on resolution of the question. *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) (quoting *Reese v. BP Exploration, Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). Defendants assert that the question of whether a Section 1557 claim is subject to the federal four-year statute of limitations is matter of first impression in this circuit and a circuit split exists on the issue [Doc. 42, p. 9]. Plaintiff argues

2

Case 3:19-cv-00041-DCLC-HBG   Document 45   Filed 07/20/20   Page 2 of 3   PageID #: 903

that there can be no split if no circuit courts have ruled on the question of law and, although this is a matter of first impression, it is not "difficult" due to the plain language of 28 U.S.C. § 1658 [Doc. 43, p. 2]. With respect to whether there is a circuit split, the Court finds that although there is disagreement among district courts[1], there can be no *circuit* split if no U.S. Courts of Appeals have ruled on the question of law. Nonetheless, the question of whether a Section 1557 claim is subject to the federal four-year statute of limitations is a matter of first impression and the difficulty of resolving such question is demonstrated by the lack of uniformity among district court decisions. It is clear that reasonable jurists disagree on the applicable statute of limitations with respect to a Section 1557 claim. Thus, there is substantial ground for difference of opinion.

Considering the requirements of 28 U.S.C. § 1292(b) are met, Defendants' Motion for Certification for Interlocutory Appeal and Stay [Doc. 42] is **GRANTED**. This Court's June 13, 2020 Memorandum Opinion and Order [Doc. 41] is hereby **CERTIFIED** for interlocutory appeal. The proceedings in this matter are hereby **STAYED** until Defendants' interlocutory appeal is resolved by the Sixth Circuit Court of Appeals.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge

---

[1] The District Courts for the Eastern District of New York, Western District of New York, and the Middle District of Louisiana have all held that the four-year statute of limitations does not apply to a Section 1557 claim. *Smith v. Highland Hosp. of Rochester*, No. 17-CV-6781-CJS, 2018 WL 4748187 (W.D.N.Y. Oct. 2, 2018); *Vega-Ruiz v. Northwell Health*, No. 19CV0537DRHAYS, 2020 WL 207949 (E.D.N.Y. Jan. 14, 2020); *Ward v. Our Lady of the Lake Hosp., Inc.*, No. CV 18-00454-BAJ-RLB, 2020 WL 414457 (M.D. La. Jan. 24, 2020); and *Solis v. Our Lady of the Lake Ascension Cmty. Hosp., Inc.*, No. 3:18-00056-SDD-RLB (M.D. La. May 27, 2020). On the other hand, the District of Columbia and this Court have held that the four-year statute of limitations does apply to a Section 1557 claim. *Palacios v. MedStar Health, Inc.*, 298 F. Supp. 3d 87, 91 (D.D.C. 2018).