UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| SCOTT ALLEN TOMEI, | ) |
| Plaintiff, | ) 3:19-CV-00041-DCLC-JEM |
| vs. | ) |
| PARKWEST MEDICAL CENTER and COVENANT HEALTH, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion in Limine [Doc. 44] to exclude testimony regarding causation of Plaintiff's physical injuries. Plaintiff responded in opposition [Doc. 46]. This matter is now ripe for resolution. For the reasons that follow, Defendants' Motion in Limine [Doc. 44] is **GRANTED IN PART AND DENIED IN PART**.

I. **FACTUAL BACKGROUND**

Plaintiff, a deaf individual who communicates primarily though American Sign Language ("ASL"), sought medical treatment at Defendants' hospital for injuries he sustained to his right leg and foot. Plaintiff alleges Defendants denied him the benefits of their services and discriminated against him on the basis of his disability, in violation of Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116(a), by refusing to provide ASL interpreters during his surgery and hospitalization [Doc. 1]. Following his discharge from Defendants' hospital, Plaintiff sought medical care at a different hospital, UTMC, where he underwent a second surgery and ultimately had his right leg partially amputated [*Id*. at ¶¶ 37–41]. Plaintiff alleges that he "lost his leg unnecessarily" because he "lacked information and understanding about his medical state and did not seek medical attention from [UTMC] sooner" [*Id*. at ¶ 45]. Plaintiff further alleges that the loss of his foot "caused him to experience severe emotional distress" [*Id*. at ¶ 47].

1

## II. THE PARTIES' POSITIONS

Defendants seek to prohibit Plaintiff "from making any reference to the cause of his physical injuries, including, but not limited to, the amputation of 30% of his right leg from the knee down or any attendant emotional injuries allegedly therefrom." [Doc. 44, pg. 1]. In support, Defendants argue Plaintiff failed to disclose an expert witness who can testify as to whether the alleged discrimination by Defendants caused the amputation of his leg and the consequent emotional distress [Doc. 44, pgs. 4–5]. Plaintiff asserts he should be permitted to testify about when his foot injury began, his admission to Defendants' hospital, the services he received, when his conditions worsened, the amputation of his leg, and causation within his realm of knowledge [Doc. 46, pg. 5]. Plaintiff further contends he should be allowed to testify about his mental health because his injuries, including his amputated leg, "constantly remind him of his experiences with Defendants that provoke emotional distress." [*Id.*].

## III. LEGAL STANDARD

A lay witness may testify in the form of an opinion so long as such testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701. Rule 701 "foreclose[s] lay witness testimony" that is "more properly given by a qualified expert." *United States v. White*, 492 F.3d 380, 400 (6th Cir. 2007). In distinguishing lay testimony from expert testimony, the Sixth Circuit has explained, "lay testimony results from a process of reasoning familiar in everyday life, whereas an expert's testimony results from a process of reasoning which can be mastered only by specialists in the field." *Id*. at 401 (quotations and citation omitted). Courts often "favor[ ] the admission of opinion testimony, provided that it is well founded on personal knowledge and

2

Case 3:19-cv-00041-DCLC-JEM   Document 54   Filed 03/08/22   Page 2 of 4   PageID #: 953

susceptible to specific cross-examination." *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 240 (6th Cir. 2010) (quotations and citation omitted).

## IV. ANALYSIS

Here, although Plaintiff opposes Defendants' motion to exclude lay testimony as to the cause of his injuries—that is, the amputation of his leg and the emotional distress therefrom—he acknowledges that he "may not testify 'as to causation where specialized medical knowledge would be necessary.'" [Doc. 46, pg. 5] (quoting *Williams v. Hamilton Cty., Tennessee*, No. 1:15-CV-74, 2018 WL 1586234, at *2 (E.D. Tenn. Mar. 31, 2018)). However, Plaintiff may properly testify "about the symptoms he has personally experienced[,]…when his symptoms began or worsened[,] or what caused them, to the extent that type of causation would be within a lay person's realm of knowledge." *Williams*, 2018 WL 1586234 at *2.

A determination that Defendants' alleged failure to provide ASL interpreters caused the amputation of Plaintiff's leg requires "a process of reasoning which can be mastered only by specialists in the field" and does not logically result "from a process of reasoning familiar in everyday life." *White*, 492 F.3d at 400. Thus, such testimony is "more properly given by a qualified expert." *Id*. Nonetheless, Plaintiff may testify as to his own perceptions related to his foot injury, the symptoms he experienced, when the symptoms began or worsened, the care he received, the amputation of his leg, and the emotional distress he personally experienced. Testimony by Plaintiff as to each of the foregoing is necessarily "founded on personal knowledge and susceptible to specific cross-examination." *Harris*, 627 F.3d at 240. Plaintiff may also testify as to the cause of his initial injury and any subsequent symptoms or emotions he experienced, so long such testimony is "rationally based on [his] perception." *See* Fed.R.Evid. 701; *Williams*, 2018 WL 1586234 at *2.

## V. CONCLUSION

Accordingly, Defendants' Motion in Limine [Doc. 44] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may testify as to his own perceptions relating to his injury, the care he received, the amputation of his leg, and any emotional distress he experienced. Plaintiff may not testify as to whether Defendants' alleged discriminatory conduct caused the amputation of Plaintiff's leg or as to any causation determination requiring specialized medical knowledge.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge